# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2012

No. 12-40392
Summary Calendar

Lyle W. Cayce
Clerk

DAVID PAUL WOLF,

Plaintiff-Appellant

v.

ASSISTANT WARDEN N. WEBB; UNKNOWN KAZMIERCZAK; UNKNOWN
BLACK; UNKNOWN OWEN; UNKNOWN SIMS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-255

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Paul Wolf, Texas prisoner # 468145, moves for leave to proceed in
forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint against
Assistant Warden Webb, Ray Black, Michael Owens, Donna Kazmierczak, and
Lt. Stephen Sims, alleging claims of retaliation, deliberate indifference to serious
medical needs, excessive use of force, and violations of the Americans with
Disabilities Act (ADA), and the Rehabilitation Act (RA). The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissed Wolf's claims against Warden Webb pursuant to 28 U.S.C. § 1915A(b)(1) and granted the motion for summary judgment of the remaining defendants based on failure to exhaust administrative remedies, except for his claims against Lt. Sims. The district court granted summary judgment for Lt. Sims on the excessive force and retaliation claims and further ruled that the ADA and RA claims against Sims be dismissed pursuant to § 1915A(b)(1). Denying Wolf's motion for leave to proceed IFP on appeal, the district court determined that the appeal was not taken in good faith.

By moving to proceed IFP, Wolf is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Wolf does not challenge the district court's reasons for dismissing his complaint or denying him leave to proceed IFP on appeal. Pro se briefs are afforded liberal construction. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Wolf has failed to challenge any legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal. *See id.* Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Wolf's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

No. 12-40392

The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Wolf has two previous strikes per the dismissals in *Wolf v. Southers*, No. 1:99-cv-01220-ZLW (D. Colo. Nov. 19, 1999) and *Wolf v. Thaler*, No. 4:12-cv-00767 (S.D. Tex. June 4, 2012). Because Wolf has now accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Wolf is further warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

MOTION DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.